IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STODDART,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-07-0181 |
| NATHANIEL QUARTERMAN,<br>Respondent. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Christopher Stoddart, a state inmate proceeding *pro se*, filed this habeas corpus proceeding under 28 U.S.C. § 2254 challenging his disciplinary conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for the reasons set forth below.

### I. BACKGROUND AND CLAIMS

Petitioner was convicted of murder in 1991 and sentenced to eighty-five years imprisonment. He complains that in May, 2006, he was found guilty of a disciplinary charge for attempting to establish an inappropriate relationship with a female prison guard, and punished with cell and commissary restrictions, reduced line status, and loss of thirty days good time credit. His prison administrative appeals were denied. Petitioner seeks federal habeas relief to set aside the conviction as a denial of due process. He argues that the evidence was insufficient to support the conviction, and that the disciplinary hearing officer was biased and prejudiced against him and refused to call his defense witnesses.

The Court concludes, however, that the petition must be dismissed for the reasons discussed below.

## II. PRISON DISCIPLINARY PROCEEDING

The due process rights of prisoners are generally limited to freedom of restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Restrictions which alter the conditions of confinement do not implicate due process. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). A prisoner has a protected due process liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Id.* at 957-58.

The Court initially observes that temporary commissary and recreation restrictions and reduction in class line status do not implicate due process. *See Malchi*, 211 F.3d at 958; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1996). However, because petitioner also lost thirty days good time credit and states he is eligible for release to mandatory supervision, he may have a protected liberty interest sufficient to justify the consideration of his due process claims. *See Malchi*, 211 F.3d at 958-59.

The Fifth Circuit has acknowledged the possibility that a *de minimis* delay of a few days in a prisoner's mandatory supervision release would not give rise to a constitutionally cognizable claim. *Richards v. Dretke*, 394 F.3d 291, 294 n.5 (5th Cir. 2004) ("A 30-day delay of mandatory supervision release might be *de minimis* and therefore not give rise to

a due process claim."). Following this line of reasoning from the Fifth Circuit, other district courts have concluded that, depending on the length of sentence, a thirty-day delay in release on mandatory supervision is *de minimis* and insufficient to implicate constitutional due process concerns. *See, e.g., Teague v. Dretke*, 384 F. Supp.2d 999, 1002-1003 (N.D. Tex. 2005); *White v. Dretke*, C.A. No. H-05-0020 (S.D. Tex. 2005).

Because petitioner is serving an eighty-five year prison sentence, the loss of thirty days' worth of good time credit will pose, if anything, no more than a *de minimis* delay in his potential early release from prison on mandatory supervision. Finding that the possible delay is *de minimis* under the circumstances, the Court concludes that petitioner fails to allege a constitutional violation and is not entitled to federal habeas relief.

### III.  CONCLUSION

This petition is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk shall provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 22nd day of January, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE